# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael S. Gorbey,**
**Petitioner Below, Petitioner**

**FILED**

November 25, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0450** (Monongalia County 12-C-540)

**State of West Virginia, et al.,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael S. Gorbey, appearing *pro se*, appeals the order of the Circuit Court of Monongalia County, entered January 30, 2014, that dismissed as moot his petition for a writ of habeas corpus, in which petitioner sought relief from a 2006 fugitive warrant that petitioner alleges is outstanding. Respondents, the State of West Virginia, the West Virginia Governor's Office, and the Monongalia County Sheriff's Office (collectively "Respondent State"), by counsel Laura Young, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

As background, we note that, on two prior occasions, we affirmed a circuit court's rejection of petitioner's various claims, based on his assertion that certain fugitive warrants[1] against him were invalid. In *Gorbey v. State* ("*Gorbey I*"), No. 13-0400, 2013 WL 5988972, at *2 (W.Va. Supreme Court, November 12, 2013) (memorandum decision), we affirmed the Circuit Court of Kanawha County's dismissal of petitioner's complaint alleging, *inter alia*, malicious prosecution, abuse of process, gross negligence, negligence per se, and deliberate indifference. In *Gorbey v. Monongalia County*, ("*Gorbey II*"), No. 13-1131, 2014 WL 4289412, at *3 (W.Va. Supreme Court, August 29, 2014) (memorandum decision), the Circuit Court of Monongalia County granted summary judgment to Monongalia County on petitioner's claims for malicious prosecution, malicious arrest, harassment, unlawful arrest, unlawful incarceration, and destruction

---

[1] In *Gorbey v. State*, No. 13-0400, 2013 WL 5988972, at *1 (W.Va. Supreme Court, November 12, 2013) (memorandum decision), we noted that "petitioner's criminal history spans twenty years, involving numerous occasions, *in several states*." (internal quotations and citations omitted) (emphasis added).

1

of property. In affirming the circuit court's grant of summary judgment, we noted that petitioner took inconsistent positions on whether a fugitive warrant from 2006 was pending. *Id.* at *2.

On August 16, 2012, petitioner filed the instant petition for a writ of habeas corpus in which petitioner sought relief from the 2006 fugitive warrant which he believes is still outstanding. On January 30, 2014, the circuit court dismissed the petition as moot after making the following findings:

> At the request of the Office of Attorney General of the State of West Virginia on behalf of the Office of the Governor of West Virginia, the Prosecuting Attorney of Monongalia County filed a Response to this Petition. The Prosecuting Attorney inquired into the status of any outstanding warrants or detainers for Petitioner.[2] The Prosecuting Attorney was assured by the Monongalia County Sheriff's Department that there is currently no fugitive from justice warrants or Governor's Rendition Warrants pending or outstanding involving Petitioner[.]

> In addition, R.C. Adkins of the Monongalia County Sheriff's Office[3] submitted a memo reiterating that the Sheriff's Office holds no detainer, fugitive from justice warrant, any other warrant, or any other type of authorization to apprehend the Petitioner.[4]

Petitioner appeals the circuit court's January 30, 2014, order dismissing his petition as moot. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1,

---

[2] Currently, petitioner is incarcerated by the United States for convictions he received in the District of Columbia, including carrying a dangerous weapon, unlawful possession of ammunition, possession of an unregistered firearm, use and/or transportation of explosives for an unlawful purpose, and attempted manufacture of a weapon of mass destruction. *See Gorbey v. United States,* 54 A.3d 668, 677, 699-707 (D.C. 2012).

[3] In her response to the petition, the Prosecuting Attorney indicated that Mr. Adkins is the Sheriff's Office's chief operating officer.

[4] The memorandum was dated January 28, 2014.

*State ex rel. McCabe v. Seifert,* 220 W.Va. 79, 640 S.E.2d 142 (2006) (Internal quotations and citations omitted.).

On appeal, petitioner asserts that he is a victim of "a governmental conspiracy."[5] Respondent State counters that the circuit court's dismissal of the petition as moot should be affirmed because the fugitive warrant petitioner complains of is simply not pending. We agree with Respondent State.[6] At the request of the Governor and the Attorney General, the Monongalia County Prosecuting Attorney filed a response to the petition and made inquiries with the Monongalia County Sheriff's Office. The result of those inquiries was a January 28, 2014, memorandum from the Sheriff's Office that it possesses "no detainer, Fugitive from Justice warrant(s) or any other warrants or holds authorizing the apprehension of [petitioner.]" We are satisfied that the 2006 fugitive warrant is not outstanding and conclude that the circuit court did not abuse its discretion in dismissing the petition as moot.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   November 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] We note that petitioner has been determined to likely have a "persecutory type" delusional disorder. *See Gorbey v. United States*, 54 A.3d 668, 696 and n. 47 (2012).

[6] Respondent State also argues that (1) petitioner improperly filed his habeas petition because he is in the custody of another jurisdiction and is not subject to any West Virginia restraint; and (2) petitioner impermissibly asked for money damages against Respondent State in his petition because such relief is not available in habeas corpus. We do not address these arguments because we find that the circuit court's determination that the case is moot is sufficient to affirm the dismissal.